UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| BENNIE U. STAFFORD,<br><br>Petitioner,<br><br>v.<br><br>Ramsey County Attorney: SUSAN GAERTNER, MARK LYSTIG, Judge: MARGARET MARRINAN, RAMSEY COUNTY ADULT SUPERVISION, DAWN BLOCK et al., Mn. DOC Commissioners JOAN FABIAN, et al., JEFF CARLSON, LYNN DINGLE, MN STATE PUBLIC DEFENDERS OFFICE, et al.,<br><br>Respondents. | Civil No. 06-3916 (JRT/AJB)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that the petition for writ of habeas corpus should be DISMISSED WITHOUT PREJUDICE, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

Petitioner is a state prison inmate who is currently confined at the Minnesota Correctional Facility at Stillwater, Minnesota. His present application for habeas corpus relief

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

does not challenge the validity of his original criminal conviction or sentence; instead Petitioner claims that Respondents have deliberately misinterpreted Minnesota state statutes governing supervised release, and, as a result, they are currently detaining him, and threatening to detain him in the future, in violation of his rights under federal law and the Constitution.[2]

The Court reviewed the present petition shortly after it was filed, and noted that Petitioner apparently had not exhausted his state court remedies before seeking federal habeas corpus relief. Therefore, by order dated October 4, 2006, (Docket No. 5), Petitioner was directed to file "an affidavit showing that he has exhausted his state court remedies with regard to each claim raised in his current petition." Although Petitioner has now filed such an affidavit, (Docket No. 7), the Court finds that he still has not shown that he has exhausted his available state court remedies for his current federal habeas claims.

## II. DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on

---

[2] Some of Petitioner's claims appear to pertain only to the conditions of his confinement, and not to the fact or duration of confinement. Those "conditions of confinement" claims cannot be entertained in the present habeas corpus proceeding. Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) ("If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy... [Citation omitted]. Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ.").

the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

To exhaust his state court remedies, a prisoner must fairly present his constitutional claims to the highest available state court before seeking habeas relief in federal court. O'Sullivan, 526 U.S. at 845; Duncan, 513 U.S. at 365-66; McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court"). Because federal courts will not entertain unexhausted habeas corpus claims, petitions that include such claims are subject to summary dismissal under Rule 4.

In this case, there is a remedy available to Petitioner under state law that he has not yet exhausted -- namely a state court habeas corpus petition. This remedy is provided by Minn.Stat. § 589.01, which states that:

> "A person imprisoned or otherwise restrained of liberty, except persons committed or detained by virtue of the final judgment of a competent tribunal of civil or criminal jurisdiction, or by virtue of an execution issued upon the judgment, may apply for a writ of habeas corpus to obtain relief from imprisonment or restraint."

Under this statute, individuals who claim to be wrongfully detained by Minnesota state authorities, (but who are not directly challenging a criminal conviction or sentence), can bring a habeas corpus action in state court. Thus, a Minnesota prison inmate who believes that he is being illegally detained beyond his proper release date can seek relief in state court under § 589.01. See Kelsey v. State, 283 N.W.2d 892, 894-95 (Minn.App. 1979) ("state habeas

corpus is an appropriate remedy" for "reviewing allegations of failure of parole authorities to follow applicable statutory and constitutional principles"); Harju v. Fabian, No. A05-1820 (Minn.App. 2006), 2006 WL 2255898 (unpublished opinion) at * 1 ("[a]n offender whose conditional release has been revoked may seek review of the revocation by petitioning the district court for a writ of habeas corpus... [and a] denial of a writ of habeas corpus may be directly appealed").

If Petitioner believes that Respondents have misinterpreted and misapplied Minnesota law governing supervised release, and he believes that he is being wrongly detained as a result of Respondents' alleged errors, he can seek relief under § 589.01. Furthermore, if he is not granted relief under § 589.01 at the state trial court level, he can seek further review of his claims in the Minnesota Court of Appeals, and, if necessary, in the Minnesota Supreme Court. Minn.Stat. § 589.29; Minn. R. App. P. 117.

Even after the Court specifically ordered Petitioner to clearly demonstrate, by affidavit, that he has exhausted all of his state court remedies for all of his current claims for relief, he still has not done so. It is apparent from Petitioner's original habeas corpus petition, and his subsequent affidavit, that he has not exhausted the state court remedy provided by Minn.Stat. § 589.01. Although it appears that Petitioner may have raised some claims in a habeas corpus petition filed in the State District Court for Anoka County, Minnesota, it also appears that he voluntarily dismissed that petition before those claims were addressed. ("Affidavit to Show Cause," [Docket No. 7], p. 4, ¶s 9 and 11.) Furthermore, even if Petitioner fairly presented all of his current constitutional claims in a state habeas corpus petition, and even if all of those claims were denied on the merits, (and again, Petitioner's submissions do not

show that to be the case), he still has not satisfied the exhaustion of state court remedies requirement, because there is no indication that he has ever presented any of his current claims to any Minnesota appellate court. (See Petition, [Docket No. 1], p. 4, § 11(c).)

Petitioner also argues, (presumably as an alternative to showing exhaustion), that he should be excused from the exhaustion requirement, because it would be "futile" to present his current claims to the state courts. This argument must be rejected because it is wholly unsubstantiated – it is based solely on Petitioner's own self-serving conclusory assertion that the state courts will not uphold his constitutional rights. Petitioner has not shown that the federal district court is better suited than the Minnesota state courts to entertain and decide his current claims for relief. The state courts are fully capable of correctly resolving Petitioner's constitutional claims, and must be given the first opportunity to do so. See Wade v. Mayo, 334 U.S. 672, 679 (1948) ("State courts are duty bound to give full effect to federal constitutional rights and it cannot be assumed that they will be derelict in their duty"). Therefore, the Court rejects Petitioner's contention that he should be excused from the exhaustion of state court remedies requirement.

In sum, the Court finds that Petitioner has failed to satisfy the exhaustion of state court remedies requirement, and that this action should therefore be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases. It will be recommended, however, that the action be dismissed without prejudice, so that Petitioner can later return to federal court, (if necessary), after he has exhausted his state court remedies for every claim that he seeks to raise in federal court. See Gray v. Hopkins, 986 F.2d 1236, 1237 (8th Cir.), cert. denied,

510 U.S. 839 (1993).[3]

Finally, having determined that the present action must be summarily dismissed due to non-exhaustion, the Court will also recommend that Petitioner's collateral "Motion to Waive Additional Copies [etc.]," (Docket No. 4), be summarily denied as moot.

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

2. Petitioner's "Motion to Waive Additional Copies [etc.]," (Docket No. 4), be DENIED as moot; and

3. This action be summarily DISMISSED WITHOUT PREJUDICE.

Dated: November 15, 2006

          s/ Arthur J. Boylan
          ARTHUR J. BOYLAN
          United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by

---

[3] Petitioner should bear in mind that he will not satisfy the exhaustion requirement unless he pursues every available avenue of appellate review, (assuming relief is not granted at the state district court level), including the right to seek review in the Minnesota Supreme Court. See O'Sullivan, 526 U.S. at 845 ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

If Petitioner returns to the state courts, he should also make sure that each individual constitutional claim presented to the state courts is clearly identified and explained. (This admonition is prompted by the obfuscation that permeates his submissions in the present action.)

filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before November 30, 2006.